PRICE, Judge.
Franklin L. Arender, a licensed real estate broker, seeks to collect a real estate commission from Max D. Williams in connection with an alleged agreement to sell a 1,765 acre farm owned by Williams in Madison Parish. The trial court awarded plain *1049 tiff judgment in the amount of $17,650 together with legal interest from the date of the transaction on which plaintiff’s claim is based. Defendant has appealed contending the trial court erred in finding plaintiff had established by a preponderance of the evidence that the proposed sale negotiated by plaintiff was on the terms agreed to by defendant. Alternatively defendant contends the court erred in ordering the accrual of legal interest prior to date of judicial demand.
We reverse for the reasons assigned.
Plaintiff contends defendant verbally gave him the exclusive right to sell his farm for a commission of $10 per acre on the minimum asking price of $775 per acre and one-half of any amount that the property brought over this price. He contends he negotiated an agreement with the owners of the neighboring farm, referred to as the Marsh brothers, who accepted the offer made to them, and that the sale was not consummated because defendant changed his offer after it had been accepted and subsequently sold the property himself to another party for a higher price.
Defendant admits he gave plaintiff the right to negotiate for a sale of the farm to the Marsh brothers on a commission basis as claimed by plaintiff, but denies that plaintiff offered the farm to these parties on the specific terms authorized by him or that plaintiff was given the exclusive right to sell the property.
The principal dispute herein concerns whether defendant advised plaintiff in their discussion of the proposed terms of a sale that he would require the purchaser to assume or pay the balance owed of approximately $30,000 on a mortgage covering the farm residence over and above the per acre price. The testimony of the parties is diametrically opposed on this issue.
Plaintiff relies principally on the testimony of the several persons who attended a meeting at defendant’s house on the night of October 8, 1975, to further discuss the proposal previously submitted by him to the Marsh brothers. Plaintiff contends that as all of the terms of the proposed sale were discussed on this occasion in the presence of defendant, and as no objection was voiced by him, that he therefore approved the offer submitted on his behalf. Defendant contends he was unaware that plaintiff made an offer which obligated him to pay the residential mortgage out of the sales price and did not hear it discussed on the night in question. He did not discover the mistake in the offer until the next morning when he and plaintiff were reviewing the total consideration. The testimony of those attending the meeting is vague and uncertain as to what was specifically discussed as more than two years elapsed before trial. This evidence does not show with any degree of legal certainty that the mortgage in question was discussed in defendant’s presence on this occasion.
We find it also significant that plaintiff, under cross-examination, admitted he and defendant may have had a misunderstanding. We quote in pertinent part the transcript page 184 as follows:
Q. Was the mortgage on the residence specifically discussed at this meeting?
A. Yes, sir.
Q. As nearly as possible, tell me the exact words that was (sic) said.
A. Let me say this, let me say this. Mr. Williams evidently didn’t understand what assume the mortgage meant when he called me back from Al-burquerque (sic).
Q. You think that . . .
A. Evidently, evidently he thought that I would understand that he meant that they are going to pay it off.
Q. Are you telling me that you think that Max was in error on the night of the meeting?
A. There’s a possibility that he didn’t uh, that he didn’t just specifically know exactly what was said or he didn’t understand it or whatever.
Defendant further offered the testimony of his brother, Jack Williams, and his accountant, W. L. Albritton, with whom he discussed the proposed sale prior to the meeting on October 8. Both corroborated *1050 defendant’s position that the residential mortgage was to be paid by purchasers over and above the per acre price of the farm. The testimony of Hershel Sullivan, a realtor who accompanied plaintiff to discuss another proposal with defendant after the Marsh negotiation had terminated, also lends credence to defendant’s position.
The evidence does not show that defendant received a better offer for the property after the meeting on the night of October 8 and sought to back out of the tentative agreement for this reason. He had been advised by Paul Marsh that they no longer were interested in the farm before he had any contact with the ultimate purchaser, John Terral.
We find the evidence insufficient to support the trial judge’s finding that the offer made by plaintiff to the Marsh brothers was on the terms agreed by defendant.
The preponderance of the evidence does not show plaintiff was granted an exclusive right to sell the property which would entitle him to a commission on the sale made by defendant to Terral. There is a distinction between an “exclusive agency to sell” and an “exclusive right to sell” property.
A real estate broker who has only an exclusive agency to sell is not entitled to a commission on sales made by the owner himself. He is entitled to a commission only on sales made by himself to purchasers produced by or through himself. Such a contract does not give the broker the exclusive right to sell the property; it simply precludes the owner from appointing any other agent during the life of the contract. .
McKinney Realty Co. v. Kabel, 131 So.2d 567 (La.App. 4th Cir. 1961).
The testimony shows that at most the plaintiff was made an exclusive agent to sell the property. Therefore, he is not entitled to a commission on the sale made direct by defendant to Terral.
For the foregoing reasons the judgment is reversed, and it is ordered that there be judgment in favor of defendant, Max D. Williams, dismissing the demands of plaintiff, Franklin L. Arender, at plaintiff’s cost.